**Fu GUO, Chun Huipan, Sin Men Kuo, and You Di Guo, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto**

Gonzales* Respondent.

Nos. 02–8415–AG (L), 02–8420–AG (CON), 02–8422–AG (CON), 02–8423–AG (CON).

United States Court of Appeals, Second Circuit.

Nov. 10, 2005.

Yee Ling Poon, New York, New York., for Petitioners.

Charles E. Roberts, Assistant United States Attorney, Office of the United States Attorney for the Northern District of New York, Syracuse, New York., for Respondent.

Present: WALKER, Chief Judge, LEVAL, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED AND DE-CREED that the petition for review is GRANTED and the case REMANDED to the BIA for further proceedings consistent with this order.

You Di Guo, Chun Hui Pan, Fu Gou, and Sin Men Guo petition for review of an order of the BIA summarily affirming an order of an immigration judge ("IJ") denying their applications for asylum and withholding of removal, denying You Di Guo's request for Convention Against Torture ("CAT") relief, and ordering them removed to China. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues.

" 'Where the IJ's adverse credibility finding is based on specific examples in the

* Attorney General Alberto Gonzales has been substituted automatically as per Federal Rule of Appellate Procedure 43(c)(2).

record of ... contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.'" *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) *(per curiam)* (quoting *Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (citations and internal quotation marks omitted)). Nevertheless, "the fact that the [IJ] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004), and "when a credibility determination analyzing testimony is based on flawed reasoning, it will not satisfy the substantial evidence standard," *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). When rejecting an applicant's testimony, an "IJ must provide specific, cogent reasons for doing so," which "bear a legitimate nexus to the finding," and are "valid grounds for disregarding an applicant's testimony." *Id.* at 307 (internal quotations omitted). This Court's review "is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Zhang*, 386 F.3d at 74.

 In this case, the IJ denied the Petitioners' applications based solely on an adverse credibility finding, specifically because of inconsistencies and contradictions in the record. Although the IJ addressed various inconsistencies between Chun Hui Pan's and You Di Guo's supporting statements, applications, and testimony, many of the discrepancies the IJ pointed out in support of his adverse credibility determination do not exist in the record.

First, contrary to the IJ's assertions, Chun Hui Pan never testified that she had been fined in April 1991. To the extent that the Government argues that Chun Hui Pan stated that she had been fined in April 1991, a review of the record does not support this conclusion. Although there was some discussion about the timing of the events, as described in her personal statement, Chun Hui Pan repeatedly maintained that she received notice of the fine in February and merely asserted that she had received verbal notice of the sterilization order at the same time.

Second, You Di Guo did not describe the events leading to the insertion of Chun Hui Pan's IUD with specificity or detail in either his affidavit or testimony and did not exhibit a "sudden recall capability." In his affidavit, You Di Guo indicated merely that, during the incident, 10 or more cadres came to his home to require Chun Hui Pan to forcibly submit to insertion of the IUD, while during his testimony, he stated only that the cadres forcibly restrained him while removing Chun Hui Pan. You Di Guo did not testify "how [the cadres] entered the house, which part of the house [he had been] in, the first sentence they said to [him], who was in the house, and ... what exactly their charges were against [him]," which were the details he had apparently been unable to recall in his asylum interview. To the extent that the Government asserts, in a conclusory manner, that the IJ did not mischaracterize Yo Di Guo's testimony, this conclusion is not supported by the record.

Third, You Di Guo's personal statement did not indicate that the April 1991 sterilization notice was for both him and Chun Hui Pan. Although the Government asserts that Chun Hui Pan's and You Di Guo's *testimony* was conflicting regarding who the sterilization notice applied to, the Government does not assert that the IJ's finding regarding You Di Guo's *personal statement* was correct.

Fourth, in You Di Guo's personal statement he indicted that Chun Hui Pan had

received notice of the IUD requirement prior to the December 1989 incident and, although Chun Hui Pan testified that she had received such notice, the IJ erroneously concluded that this notification was not mentioned anywhere else in the record. The Government agrees that the IJ "did overlook this minor piece of evidence."

Fifth, throughout her testimony at the July and December 1999 hearings, Chun Hui Pan consistently maintained that she could not remember how many times the cadres had visited her mother's home and, at the July 1999 hearing, she merely agreed with the IJ's leading question whether the cadres came "every couple of months." At the December 1999 hearing, when Chun Hui Pan reiterated her earlier testimony that she could not remember how many times the cadres looked for her, the IJ "confronted her about her memory loss," and Chun Hui Pan responded that the cadres "sometimes [came] like every couple months" and "sometimes [came every] 10 to 20 days," although that the cadres came looking for her "too many times" for her to remember.

Sixth, although the IJ found that You Di Guo had indicated in his personal statement that Chun Hui Pan hid at her grandmother's house after receiving the sterilization notice and omitted that Chun Hui Pan had hid at her mother's house, You Di Guo expressly stated that he and Chun Hui Pan fled to her mother's house in May 1990 and never returned to their house in Ying Yun. Moreover, You Di Guo testified that Chun Hui Pan had been living at her mother's house at the time that she received the notice and both Chun Hui Pan and You Di Guo testified that, during this time period, she often hid at her grandmother's house to avoid the cadres. With respect to the Government's argument that Chun Hui Pan's statement contained a discrepancy regarding the dates Chun Hui Pan was in hiding, Chun Hui Pan unequivocally stated that she went into hiding at her mother's house in May 1990 and never returned to Ying Yun. Additionally, to the extent that the Government argues that Chun Hui Pan's testimony was inconsistent as to how far from her mother's home the grandmother's house or the utility shed were located, this was not a basis for the IJ's adverse credibility finding.

Seventh, Chun Hui Pan's personal statement did not expressly state that You Di Guo had paid the birth control fine, but merely stated that he was "only able to pay" 1,500 yuan and the IJ did not acknowledge Chun Hui Pan's testimony that You Di Guo provided his mother with money to pay the fine.

Eighth, You Di Guo did not testify that the children were unable to attend school because they could not obtain a household registration, but merely stated that the children were too young to attend school *at the time he fled China* and that, after he fled, Chun Hui Pan paid for his son to attend a private school, while his daughter attended kindergarten. However, as the Government correctly observes, there was some inconsistency with regard to whether Chun Hui Pan and You Di Guo had to pay to send their daughter to kindergarten. To the extent that the Government argues that there was some inconsistency in Chun Hui Pan's statements as to whether she obtained a household registration while living at her mother's, this was not a basis for the IJ's adverse credibility finding.

Ninth, Chun Hui Pan's personal statement provided her family's political background as an additional reason that the government had persecuted her, but the statement focused primarily on her violation of the family planning policies, and Chun Hui Pan testified that she believed that the government's motivation in enforcing the family planning policies was

additionally related to her familial background.

Tenth, there was no inconsistency between Chun Hui Pan's statement that You Di Gou had once thought about returning to China to visit his mother and You Di Guo's statements that he had applied to return to China to visit his mother on a number of occasions and, in any event, Chun Hui Pan's mistaken belief was not material to her asylum claims.

Finally, the IJ's finding that there was a discrepancy between the chronology of events as described in Chun Hui Pan's application and her testimony is not supported by substantial evidence because the application merely listed the basis for her claims and the attached personal statement, which she referenced in her application, provided a detailed narrative of ·the chronology that was consistent with her testimony.

Therefore, although the IJ addressed various inconsistencies in Chun Hui Pan's and You Di Guo's applications and testimony, important portions of the IJ's adverse credibility findings resulted from misstatements of facts in the record. Thus, despite this Court's "exceedingly narrow" scope of review regarding an IJ's asylum decision, *see Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (internal quotation marks omitted), because the IJ's adverse credibility determination, the only basis on which the Petitioners' asylum application was denied, was largely based on misstatements of fact or findings that do not appear to be supported by substantial evidence, the petition for review is granted and the case remanded to the BIA.

■ The Court declines to consider whether the BIA and IJ properly denied You Di Guo's claim for CAT relief, as You Di Guo has not challenged this decision in his appellate brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For these reasons, the petition for review is granted and the case remanded to the BIA.